UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTYN MALONE,

                Plaintiff,

-against-

OAKWOOD OPERATING CO., LLC, *doing business as Affinity Skilled Living*, and ELI NOEL, *in his individual capacity*,

                Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-cv-00074 (RPK)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Rachel P. Kovner to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that the claims brought by Plaintiff Christyn Malone ("Plaintiff" or "Malone") be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and that such dismissal should become with prejudice if Plaintiff fails to appear within 60 days of a final order on this issue.

    I.    **BACKGROUND**

By way of Complaint dated January 5, 2022, Malone brought this action against Oakwood Operating Co., LLC and Eli Noel (collectively, "Defendants") asserting claims of retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, and a state law claim of defamation. *See* Complaint, DE [1]. Defendants

1

answered the Complaint on March 3, 2022. *See* Answer, DE [11]. This Court held an initial conference on June 8, 2022 and set a discovery schedule. *See* DEs [16]-[17].

Shortly thereafter, Plaintiff's counsel moved to withdraw. DE [18]. The Court scheduled a hearing on the motion, and outgoing counsel was directed to serve a copy of the motion papers and the Court's order on Malone and file proof of service on ECF. *See* Electronic Order dated September 9, 2022. Plaintiff failed to appear at the hearing. *See* Minute Order dated October 11, 2022. Subsequently, co-counsel for Malone also moved to withdraw. *See* DE [21]. Despite this Court's order directing her to appear, Plaintiff failed to appear at the rescheduled motion hearing, and both motions to withdraw were granted as unopposed. *See* DE [23].

Malone appeared at a status conference held on December 12, 2022 and this Court entered a revised scheduling order. *See* DE [27]. A subsequent status conference was scheduled for February 27, 2023, and counsel for Defendants filed proof of service of the Order upon Plaintiff. *See id.*; DE [29]. Malone failed to appear. *See* DE [30]. The Court adjourned the conference to March 9, 2023 and cautioned Plaintiff that if she continued to fail to appear "the Court will issue a recommendation that her claims will be dismissed pursuant to Fed. R. Civ. P. 41 for failure to prosecute." *Id.* A copy of the Court's Order was mailed to Malone. *See id.*

Plaintiff failed to appear at the March 9, 2023 conference, and the Court adjourned the conference to March 30, 2023. *See* DE [31]. Malone was notified again in the Court's Order that "repeated failures to appear may result in a Recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41." *Id.* A

2

copy of the Court's Order was mailed to Plaintiff. *See id.* Malone failed to appear at the March 30, 2023 conference. *See* DE [32].

## II. LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, No. 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district

courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

### III.   DISCUSSION

Applying these standards, the Court respectfully recommends dismissal of Malone's claims pursuant to Rule 41(b) for failure to prosecute. As detailed above, Plaintiff failed to appear for three consecutively scheduled conferences despite notice by the Court and Defense Counsel, and she has not participated in this litigation in any meaningful way since appearing at a status conference on December 11, 2022. Further, Malone failed to appear at two scheduled motion hearings, which resulted in those motions being granted as unopposed. Under these circumstances, it appears that Plaintiff is no longer interested in pursuing her claims or participating in this action any further. Accordingly, the Court recommends that the claims be dismissed without prejudice pursuant to Rule 41(b). If Plaintiff does not seek to appear within 60 days of the final order on this issue, this dismissal should be with prejudice.

### IV.   CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's claims be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and that such dismissal become with prejudice if she does not seek to appear within 60 days of a final order on this issue.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defense Counsel is directed to serve a copy on Plaintiff within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       March 30, 2023

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge